IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DONALD L. GUE, <br> 11 Woodland Ave <br> Baltimore, MD 21222 <br><br> Plaintiff, <br><br> Vs. <br><br> SHREE PASHUAPATI CORP., <br> 944 Crosswind Place <br> Cockeysville, MD 21030, <br><br> And <br><br> TARUN PAUDEL, <br> 2620 Joppa Ter <br> Parkville, MD 21234, <br><br> Defendants. | Case No.: 1:21-cv-00044 |

## COMPLAINT

Plaintiff herein submits his complaint against Defendants Shree Pashuapati Corp. and Tarun Paudel alleging violation of the Fair Labor Standards Act, and the Maryland Wage and Hour Law, the Maryland Wage Payment and Collection Law.  In support thereof, Plaintiff states as follows:

### PARTIES AND JURISDICTION

1.	Plaintiff is an adult resident of the State of Maryland residing at 11 Woodland Avenue, Baltimore, MD 21222.

2.	Defendant Shree Pashuapati is a corporation formed under the laws of the State of Maryland with its principal place of business located at 944 Crosswind Place, Cockeysville, MD 21030.

3. Defendant Tarun Paudel is an adult resident of the State of Maryland residing at 2620 Joppa Terrace, Parkville, MD 21234.

4. Defendant Paudel is the owner of Shree Pashuapati Corp. (SPC).

5. SPC is in the business of owning and managing 7-11 stores.

6. Defendant Paudel at all times managed the business, established wage policies, and made the determinations as to who got paid, when, and for what hours.

7. At all times material herein, Defendants had annual gross volume of sales made or business done in amount exceeding $500,000.00.

8. At all times material herein, Defendants sold food and beverages that passed in interstate commerce and were otherwise engaged in commerce within the meaning of §3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

9. At all times relevant herein, Defendants qualified as an "enterprise" within the meaning of §3(r) of the FLSA (29 U.S.C. § 203(r)).

10. At all times relevant herein, Plaintiff handled and participated in selling food and beverages that crossed state lines and were engaged in commerce as required by 29 U.S.C. §§ 206-207.

11. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA (29 U.S.C. §216(b) and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331.

12. Venue is proper pursuant to 28 U.S.C. § 1391.

## FACTS COMMON TO ALL COUNTS

13. Plaintiff is employed by Defendants as a clerk.

14. Plaintiff has been employed by Defendants since approximately 2014.

15. Plaintiff's job duties are primarily to man the register and sell products from the store.

16. Plaintiff has no job duties which would allow Plaintiff to make any decisions regarding the business or to act independently in the business without the direction of Defendants.

17. Plaintiff has no job duties which would exempt him from the overtime requirements of the FLSA and Maryland State laws.

18. Plaintiff typically works 72 hours per week.

19. Plaintiff is paid for 60 hours per week without overtime wages.

20. Plaintiff is not paid 1.5 times his hourly rate for hours worked in excess of 40 hours per week.

21. Plaintiff has worked under this scheme for Defendants since prior to January 8, 2018.

22. Defendants knew or should have known that they cannot have employees work hours for which those employees are not paid.

23. Defendants knew or should have known that individuals who work more than 40 hours in a work week are entitled to overtime pay in the amount of 1.5 times their hourly wage for all hours above 40 worked in a single work week.

24. Despite this knowledge, Defendant failed to pay Plaintiff all wages that are due.

25. Plaintiff's hourly wage is $11.00 per week.

26. Plaintiff's overtime wage rate should therefore be $16.50 per hour for every hour worked beyond 40 in a single work week.

27. Plaintiff worked 72 hours per week.

28. Under this scheme, Plaintiff is owed approximately $308 per week worked for three years. This totals $48,048.00.

29. At all times relevant, Defendant Paudel supervised Plaintiff's work duties, and controlled Plaintiff's wages.

30. Plaintiff was Defendants' employee at all times relevant herein.

### COUNT 1 – VIOLATION OF THE FAIR LABOR STANDARDS ACT

31. Plaintiff re-alleges and reasserts each allegation above as if fully set forth herein.

32. Defendants, as employers of Plaintiff, was obligated to pay Plaintiff for all hours worked and for overtime wages for hours worked in excess of 40 hours each week.

33. Defendants did not pay Plaintiff for all hours worked.

34. Defendants did not pay overtime wages to Plaintiff.

35. Defendants failure to pay compensation to Plaintiff was willful, intentional, and not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff for unpaid wages, plus an equal amount of liquidated damages, interest (both pre- and post-judgment), attorneys' fees, and costs of this action, and any other relief this Court deems appropriate.

### COUNT 2 – VIOLATOIN OF MARYLAND WAGE AND HOUR LAW

36. Plaintiff re-alleges and reasserts each allegation above as if fully set forth herein.

37. Defendants, as employers of Plaintiff, were obligated to compensate Plaintiff for all hours worked at an hourly rate not less than the Maryland Minimum Wage.

38. Defendants failed to compensate Plaintiff for all hours worked and failed to compensate Plaintiff with overtime wages for any hours worked above 40 in each work week.

39. At all times, Defendants had actual knowledge that Plaintiff was not being paid for all hours worked and was not receiving overtime wages.

40. Defendants' failure to compensate Plaintiff in accordance with the law as required by the MWHL was willful, intentional, and not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff for unpaid wages, unpaid overtime wages, plus an equal amount of liquidated damages, interest (both pre- and post), attorneys' fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT III – VIOLATION OF THE MARYLAND WAGE PAYMENT AND COLLECTION LAW

41. Plaintiff re-alleges and reasserts each allegation above as if fully set forth herein.

42. Without legal excuse or justification, Defendants withheld and failed to pay Plaintiff all wages due for work duties performed as described above.

43. Defendants withheld and failed to timely pay all wages promised and due to Plaintiff without permission and without any other justification recognized or otherwise allowed by the MWPCL.

44. Defendants' unlawful and unauthorized withholding of wages belonging to Plaintiff constitutes a failure by Defendants to pay Plaintiffs and other exotic dancers all wages due on time as required for work performed as mandated by the MWPCL.

45. Defendants' failure to pay Plaintiff for unpaid wages was willful intentional, and not the result of any *bona fide* dispute, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff for unpaid wages, treble damages, interest (both pre- and post-judgment), attorneys' fees, and costs of this action, and any other relief this Court deems appropriate.

Respectfully submitted,

/s/

Ken C. Gauvey (28464)
Law Practice of Ken C Gauvey
7508 Eastern Avenue
Baltimore, MD 21224
410.282.2700
kgauvey@gauveylaw.com

## JURY DEMAND

Plaintiff herein demands a jury trial on all matters.

/s/
Ken C. Gauvey