IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **DONALD L. GUE,** | * | |
| Plaintiff, | * | |
| v. | * | Case No.: DKC-21-44 |
| | * | |
| **SHREE PASHUAPATI CORP.,** *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

On January 18, 2021, plaintiff Donald Gue filed an amended complaint against Shree Pashuapati Corp. ("SPC") and Tarun Poudel,[1] claiming that defendants failed to pay him for all hours worked and failed to pay him overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 3-401 to 3-430, and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3-501 to 3-509, and that they retaliated against him for filing suit in violation of the FLSA and MWHL. *See* Am. Compl. ¶ 33–34, 38, 44, 47–50, ECF 3. On June 3, 2021, the parties filed a joint motion for court approval of their settlement agreement. *See* Jt. Mot. & Agr., ECF 14 & 14-1. I find the settlement amount and terms, including the payment to plaintiff and attorneys' fees, are reasonable and fair in light of the facts of this case.

I. **Background**

Defendant Poudel is the owner of corporate defendant SPC. Am. Compl. ¶¶ 2, 4. SPC owns and manages 7-11 stores. *Id.* ¶ 4. Plaintiff has worked as a store clerk in one of SPC's 7-11

---

[1] Plaintiff misspelled Mr. Poudel's name as "Paudel" in the amended complaint. Mr. Poudel provided the correct spelling in his answer. ECF 4.

stores since 2014.  *Id.* ¶¶ 13–14.  Plaintiff claims that he was not paid for all hours worked and was not paid overtime hours in violation of state and federal law.  *Id.* ¶ 20.  Plaintiff also claims that, when he served defendants with the complaint and summons in this case, they threatened him with termination.  *Id.* ¶ 47.  The Settlement Agreement ("Agreement") releases and discharges defendants from any and all claims that plaintiff may have had the right to pursue prior the execution of the Agreement.  *See* Agr. ¶ 4, ECF 14-1.  The settlement amount of the Agreement is $12,000, which includes attorney's fees and costs of $2,500.  *Id.* ¶ 1.  From the total settlement, Mr. Gue will receive $4,750 in back pay and $4,750 in alleged liquidated damages.  *Id.*

## II.    Discussion

The FLSA was enacted to protect workers from "substandard wages and excessive hours" that resulted from unequal bargaining power between employers and employees.  *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945).  To protect workers from the ill-effects of unequal bargaining power, "[t]he FLSA does not permit settlement or compromise over alleged FLSA violations" unless there is "(1) supervision by the Secretary of Labor or (2) a judicial finding that the settlement reflects 'a reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'"  *Elejalde v. Perdomo Constr. & Mgmt. Serv., LLC*, No. GJH-14-3278, 2016 WL 6304660, at *1 (D. Md. Oct. 27, 2016) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

The Fourth Circuit has not decided the factors to determine whether an FLSA settlement should be approved.  However, this Court typically adopts the standard set forth in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), in which the Eleventh Circuit stated that a settlement must be "a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions."  *See Elejalde*, 2016 WL 6304660, at *1 (quoting *Lynn's Food Stores, Inc.*, 679 F.2d

at 1355); *see also Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 407 (D. Md. 2014); *Saman v. LBDP, Inc.*, No. DKC-12-1083, 2013 WL 2949047, at *3 (D. Md. June 13, 2013). Specifically, the Court considers: "(1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the relevant factors from Rule 23, and (3) the reasonableness of the attorneys' fees, if included in the agreement." *Duprey*, 30 F. Supp. 3d at 408 (citing *Saman*, 2013 WL 2949047, at *3 (citing *Lynn's Food Stores,* 679 F.2d at 1355; *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08-1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009); *Lane v. Ko–Me, LLC,* No. DKC-10-2261, 2011 WL 3880427, at *2–3 (D. Md. Aug. 31, 2011))). In *Duprey*, this Court explained that "these factors are most likely to be satisfied where there is an 'assurance of an adversarial context' and the employee is 'represented by an attorney who can protect [his] rights under the statute.'" *See id.* (quoting *Lynn's Food Stores*, 679 F.2d at 1354).

### 1. *Bona Fide* Dispute

To determine whether a *bona fide* dispute under the FLSA exists, this Court reviews the pleadings, the recitals in the Agreement, and other court filings in the case. *See id.* The parties genuinely dispute whether plaintiff was paid all wages due. *See* Jt. Mot. 1. Plaintiff believes he was not paid for all hours worked or paid overtime wages. Am. Compl. ¶¶ 33–34, 38, 44. Defendants claim that plaintiff was paid for each shift that he worked and any discrepancy in hours is a result of plaintiff's clerical error. Jt. Mot. 1.

### 2. Fairness & Reasonableness

To determine whether an FLSA settlement is fair and reasonable, the Court considers:

(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of class counsel . . . ; and (6) the

      probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Yanes v. ACCEL Heating & Cooling, LLC*, No. PX-16-2573, 2017 WL 915006, at *2 (D. Md. Mar. 8, 2017) (quoting *Lomascolo*, 2009 WL 3094955, at *10). These factors are applied here.

      First, the parties have engaged in informal discovery of "work time and pay records for Plaintiff" and have had sufficient time to investigate the factual basis of the claims and defenses raised in this matter. *See* Jt. Mot. 4.

      Second, the parties engaged in extensive settlement negotiations before beginning formal discovery. This timing was purposeful. Discovery—including interrogatories, document requests, and depositions—would require a significant investment of time and effort and would be expensive for both sides.

      Third, there is no evidence of fraud or collusion in the settlement. The parties participated in a settlement conference before Judge Gesner to reach a settlement. *Id.* at 3. Before their negotiations, they had ample opportunity to evaluate their claims and defenses in light of the evidence they exchanged through informal discovery. All parties understand the risks of litigation, including the risk that plaintiff could recover nothing after trial and the risk that defendants could be liable for more than they have agreed to pay to settle the case. Armed with this information, the parties engaged in "informed arms-length settlement negotiations with the understanding that it would be a difficult and costly undertaking to proceed to the trial of this case." *See Yanes*, 2017 WL 915006, at *2 (quoting *Lomascolo*, 2009 WL 3094955, at *11).

      Fourth, the parties are represented by competent and experienced counsel of their own choosing. *See* Jt. Mot. 4. Both parties consulted with their counsel before entering into the settlement agreement. *Id.* The parties and their counsel believe that they have had sufficient time to investigate the merits of the lawsuit, and they do not need additional time to evaluate the case

4

further. *Id.* Plaintiff's counsel believes it unlikely that plaintiff would recover more in damages after trial than he is receiving under the Settlement Agreement. *Id.* at 2.

The fifth factor—the opinions of class counsel—is not relevant. This not a class action settlement. *See Lomascolo*, 2009 WL 309495, at *10.

Regarding the sixth factor, the parties agree that the $12,000.00 settlement amount, including $2,500.00 in attorneys' fees and costs, is fair and reasonable, given the risks of litigation. Jt. Mot. 4.

Upon consideration of these factors, the Court finds the settlement to be fair and reasonable.

### 3. Attorneys' Fees

The Court also must determine whether the attorneys' fees and costs are reasonable. *See Lopez v. XTEL Const. Grp., LLC*, 838 F. Supp. 2d 346, 348 (D. Md. 2012). The Agreement provides for attorneys' fees of $2,500. Jt. Mot. 2; Agr. ¶ 1. When the Court calculates an award of attorneys' fees, it must determine the lodestar amount, defined as a "reasonable hourly rate multiplied by hours reasonably expended." *See Lopez*, 838 F. Supp. 2d at 348. The Fourth Circuit addressed specific factors district courts should consider in determining the reasonableness of fees in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978). They are:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Barber*, 577 F.2d at 226 n.28.

Here, plaintiff's total fees and costs were $6,990.00. Jt. Mot. 5. To facilitate a settlement, plaintiff's counsel has agreed to accept $2,500.00, less than half of the total fees and costs incurred in this case. *See id.* Plaintiff's counsel, who has been practicing in this Court since 2007, charges $300 per hour. *Id.* This rate is consistent with this Court's guidelines. *See* Loc. R. App'x B, ¶ 3(c) (D. Md.). The Court finds the attorneys' fees payable under the settlement agreement are fair and reasonable.

## **ORDER**

For the reasons stated above, it is, this <u>14th</u> day of <u>June</u>, <u>2021</u>, hereby ORDERED that:

1. The Joint Motion for Approval of Settlement, ECF 14, is GRANTED; and
2. The Clerk is DIRECTED to CLOSE THE CASE.

/S/
Deborah L. Boardman
United States Magistrate Judge